# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| BAPTIST MEMORIAL HEALTH CARE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:25-cv-02750-SHL-tmp |
| CIGNA HEALTHCARE OF TENNESSEE, INC., | ) ) ) | |
| Defendant. | ) ) | |

## ORDER GRANTING IN PART AND DENYING IN PART BAPTIST'S PARTIALLY UNOPPOSED MOTION TO STAY AND TO EXTEND DEADLINE TO RESPOND TO CIGNA'S MOTION TO DISMISS

Before the Court is Plaintiff Baptist Memorial Health Care Corporation's Partially Unopposed Motion to Stay Consideration of Cigna's Motion to Dismiss, Extend Baptist's Default Deadline to Respond to Cigna's Motion to Dismiss and Stay Discovery Pending Resolution of Baptist's Motion to Remand, filed August 29, 2025. (ECF No. 23.)[1]

Baptist filed its first amended complaint in state court on July 22. (ECF No. 1-4.) Defendant Cigna HealthCare of Tennessee, Inc. removed the matter to this Court one week later (ECF No. 1) and then on August 12 filed a motion to dismiss for failure to state a claim (ECF No. 16). On August 28, Baptist filed a motion to remand to state court. (ECF No. 21.)

Because Baptist's response to the motion to dismiss is due on September 9, before the deadline for Cigna's response to the motion to remand on September 11, Baptist requests an

---

[1] On September 3, five days after the filing of the Motion, Baptist also filed its Unopposed Motion to Extend Baptist's Deadline to Respond to Cigna's Motion to Dismiss. (ECF No. 26.) Because the September 3 motion requested a two-week extension of Baptist's deadline to respond to the motion to dismiss—the same relief granted in this order—the September 3 motion is also **GRANTED**.

extension of time to respond to the motion to dismiss, as well as a stay of both the Court's consideration of the motion to dismiss and the discovery deadlines. (ECF No. 23 at PageID 1156.) Baptist does not propose a new deadline for their response to the motion to dismiss but rather requests an indefinite extension "until 10 days after the Court resolves Baptist's Motion to Remand." (Id.) Cigna does not oppose the discovery stay, but opposes the remaining relief requested. (Id. at 1158.)

A limited extension of time for Baptist to respond to the motion to dismiss is appropriate in these circumstances, but an indefinite extension or a stay is not. See Chao v. Fleming, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007) ("A stay of a civil case is an extraordinary remedy that should be granted only when justice so requires."). The motion to remand should be fully briefed before a motion to dismiss is due, because it touches on the threshold issue of this Court's jurisdiction. Although the Court will not grant an extension of time without a fixed date, it will extend Baptist's deadline by two weeks.

Thus, for good cause shown, the Court **GRANTS** the Motion as to the request for extension of time to respond to the motion to dismiss—giving Baptist an additional two weeks to respond, not an indefinite extension—but **DENIES** the Motion as to the requests for a stay. Baptist must respond to the motion to dismiss by **September 23, 2025**.

**IT IS SO ORDERED,** this 8th day of September, 2025.

        s/ Sheryl H. Lipman  
        SHERYL H. LIPMAN  
        CHIEF UNITED STATES DISTRICT JUDGE