## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| BAPTIST MEMORIAL HEALTH CARE CORPORATION, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:25-cv-02750-SHL-tmp |
| CIGNA HEALTHCARE OF TENNESSEE, INC., | ) ) ) | |
| Defendant. | ) | |

## ORDER GRANTING BAPTIST'S MOTION TO REMAND

Before the Court is Plaintiff Baptist Memorial Health Care Corporation's Motion to Remand, filed August 28, 2025.  (ECF No. 21.)  Defendant Cigna HealthCare of Tennessee, Inc., filed its response two weeks later.  (ECF No. 31.)  Baptist filed a reply on September 26.  (ECF No. 37.)

On July 22, Baptist sued Cigna in Tennessee state court for unjust enrichment.  (ECF No. 1-4.)  Baptist, an "out-of-network" hospital for Cigna, alleges it was underpaid for emergency services it provided to Cigna members between March 2019 and December 2021.[1]  (Id. at PageID 43.)  Baptist has no contract with Cigna, but it is nevertheless obligated by federal and state law to provide emergency and post-stabilization services to Cigna members.  (ECF No. 22 at PageID 392.)  According to Baptist, because it charges the balance of Cigna-covered patients'

---

[1] The March 2019 start date is apparently chosen because Cigna's billing practices from 2013 through February 2019 were addressed through arbitration.  (ECF No. 1-4 at PageID 48–49.)  Cigna challenged the arbitration panel's finding that Cigna was liable to Baptist for 78.5% of its billed charges for outpatient emergency claims.  (Id. at PageID 49.)  This Court affirmed the arbitration panel's decision.  Cigna Healthcare of Tenn. Inc. v. Baptist Mem'l Health Care Corp., No. 23-cv-2500, 2024 WL 5161956, at *2 (W.D. Tenn. Dec. 18, 2024).

bills to the patients themselves and not to their insurance company, Cigna has saved millions of dollars at Baptist's expense.  (ECF No. 1-4 at PageID 47.)  Cigna removed the matter to this Court, invoking the Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA").  (ECF No. 1 at PageID 3.)  Baptist seeks remand to the Chancery Court of Shelby County, Tennessee.  (ECF No. 22 at PageID 375.)

For the reasons outlined below, the Motion is **GRANTED**.

## APPLICABLE LAW

Under 28 U.S.C. § 1441(a), "[a] civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law."  Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).  Whether a claim "arises under" federal law is determined based on the well-pleaded complaint rule.  Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004).  "Under this rule, a federal question must appear on the face of the complaint rather than as part of a defense, even if a federal-law defense is anticipated."  Chase Bank USA, N.A. v. City of Cleveland, 695 F.3d 548, 554 (6th Cir. 2012).

ERISA § 502(a)(1)(B) creates a federal cause of action "by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  A state-law claim will be preempted by § 502(a)(1)(B) when

> an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated . . . .

Davila, 542 U.S. at 210.  In other words, under the two-pronged Davila test, a plaintiff's state-law claim is preempted by ERISA, and may be removed to federal court, if "(1) the plaintiff complains about the denial of benefits to which he is entitled 'only because of the terms of an

ERISA-regulated employee benefit plan'; and (2) the plaintiff does not allege the violation of

any 'legal duty (state or federal) independent of ERISA or the plan terms.'" Gardner v.

Heartland Indus. Partners, LP, 715 F.3d 609, 613 (6th Cir. 2013) (citation modified) (quoting

Davila, 542 U.S. at 210).[2]

## ANALYSIS

Baptist argues that remand is required because Cigna cannot satisfy the two Davila

elements. (ECF No. 22 at 379–88.) Specifically, Baptist argues that (1) it lacks standing to

bring an ERISA claim because it is not a plan participant itself, (2) its complaint raises no issue

of federal law because it is not contesting any denial of benefits, but only the rate of the benefits

Cigna paid, and (3) its state-law unjust enrichment claim alleges violation of a state duty

independent of ERISA § 502(a)(1)(B) because it "turns on the application of Tennessee common

law, not the terms of any ERISA plan." (Id. at 388.)

In opposition to the Motion to Remand, Cigna argues that (1) Baptist does have standing

to bring an ERISA claim through its patients' assignment of benefits, (2) Baptist is in reality

contesting a denial of benefits under ERISA because Cigna's ERISA plan limits how much

Cigna pays, and (3) Baptist would have to show that the plan itself was "unlawful" to make out

an unjust enrichment claim. (ECF No. 31 at PageID 1197–1204, 1194 (quoting AMISUB (SFH),

Inc. v. Cigna Health & Life Ins. Co., 142 F.4th 403, 408 (6th Cir. 2025)).)

---

[2] Although a claim that satisfies Davila is removable to federal court under ERISA
§ 502(a)(1)(B), a mechanism known as "complete preemption," the same cannot be said of
§ 514, which is known as "express preemption." See Alexander v. Elec. Data Sys. Corp., 13
F.3d 940, 945 (6th Cir. 1994) ("Consequently, we believe that a defense premised on [§ 502]
preemption creates federal question jurisdiction, but that one based on [§ 514] preemption does
not."). Instead, § 514 is the defense that preempts "State laws" that "relate to any employee
benefit plan." 29 U.S.C. § 1144.

Baptist's three arguments are considered below.  For the reasons stated below, its arguments are well taken.

## I.    Standing

Baptist first argues that, because it has no standing to bring an ERISA claim, it could not "have brought [its] claim under ERISA," Davila, 542 U.S. at 210, and thus no federal claim is at issue.  (ECF No. 22 at PageID 381–82.)  "If an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where no other independent legal duty is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)."  Davila, 542 U.S. at 210.  "[W]hen a patient assigns payment of insurance benefits to a healthcare provider, that provider gains standing to sue for that payment under ERISA § 502(a)."  Brown v. BlueCross BlueShield of Tenn., Inc., 827 F.3d 543, 547 (6th Cir. 2016).

Baptist argues that the first Davila prong is not met, as it could not have brought a § 502(a)(1)(B) claim itself because it is not a direct beneficiary under ERISA, or, in the alternative, even if it is a derivative beneficiary, nevertheless its claim falls outside the scope of ERISA.  (ECF No. 22 at PageID 381–82.)  In response, Cigna contends that Baptist is indeed a derivative beneficiary because it receives assignment of its patients' benefits.  (ECF No. 31 at PageID 1199.)  And, as an assignee of benefits, Baptist "could have brought [its] claim under ERISA § 502(a)(1)(B)."  (Id. (quoting Davila, 542 U.S. at 210).)

It is true that Baptist has the right to the payment of its patients' benefits, and so it is a derivative beneficiary with standing to bring a § 502(a)(1)(B) claim.  See Brown, 827 F.3d at 547 ("[W]hen a patient assigns payment of insurance benefits to a healthcare provider, that provider gains standing to sue for that payment under ERISA § 502(a).").  However, Baptist is

not suing for a denial of its patients' benefits; rather, it is suing under an independent state-law theory. And "a provider that has received an assignment of benefits and has a state law claim independent of the claim arising under the assignment holds two separate claims." Valley Children's Hosp. v. Cigna Healthcare of Cal., Inc., 790 F. Supp. 3d 940, 946 (E.D. Cal. 2025) (quoting Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1346, 1347 (11th Cir. 2009)). "Thus, regardless of whether the Hospital could have brought a claim under ERISA, the Hospital could not have brought these claims under ERISA." Id.

However, even if Baptist had standing, the standing inquiry is only one half of the analysis under the first prong of Davila. Baptist's suit is not preempted unless it complains of a "denial of benefits." Thus, the analysis of Davila's first prong must consider whether Baptist contests a denial of coverage.

## II.    Rate of Payment, Not Right to Payment

Baptist also attacks the first Davila prong by arguing that it "does not seek reimbursement for any services that Cigna denied under the terms of an ERISA plan," but rather contests the unreasonably low rate that Cigna has paid for the emergency care of its insureds. (ECF No. 22 at PageID 381.) In other words, the issue is not "right to payment," but instead "rate of payment." (Id. at PageID 383.) Baptist's state-law claim, it argues, seeks "to remedy underpayments for covered services based on obligations that arise outside of the ERISA plans." (Id.)

Cigna counters that the claims at issue arise squarely within ERISA plans. (ECF No. 31 at PageID 1200.) It points to provisions within an exemplar ERISA plan informing patients that they might owe "any amount over the maximum reimbursable charge." (Id.) Thus, Cigna argues, it has "no obligation" to pay non-covered out-of-network charges. (Id. at PageID 1193.) Instead, its "payment obligations exist only to the extent set forth in the member's ERISA plan."

(Id. (citing AMISUB, 142 F.4th at 405).)  According to Cigna, because the additional payments

that Baptist seeks are expressly mentioned in the plans, Baptist's unjust enrichment claim

directly implicates ERISA and falls within its scope.  (Id. at PageID 1200–01.)

But Cigna's argument is unavailing.  It is true that ERISA plans are a "but-for" cause of

this dispute, in that Baptist would not be suing Cigna but for the ERISA-plan-covered patients

who sought its emergency services.  But just because Baptist is connected to Cigna through an

ERISA plan does not mean that Baptist is suing "only because of the terms of an ERISA-

regulated" plan.  Gardner, 715 F.3d at 613; see also Milby v. MCMC LLC, 844 F.3d 605, 611

(6th Cir. 2016) ("Essentially, [defendant] would have us ask whether an ERISA plan is the 'but-

for' cause of a relationship between the parties.  But such a test would capture too many claims

that courts have found to be based on independent duties.").  Cigna does not meet its burden to

show that Baptist challenges a denial of benefits simply by demonstrating that this suit would not

be possible but for the existence of an ERISA-regulated plan.

Instead, the fact that Cigna paid the emergency room claims at issue suggests that this

suit is about the "rate of payment" and not the "right to payment," and thus does not arise from

the terms of an ERISA plan.  See San Joaquin Gen. Hosp. v. Blue Cross Blue Shield Healthcare

Plan of Ga., Inc., No. 24-CV-03153, 2024 WL 5201218, at *3 (N.D. Ga. Dec. 23, 2024) ("Rate

of payment claims challenge the amount of payment for a particular service, while right of

payment claims challenge non-payment because the insurer denied the services altogether, often

because the insurer deemed the services not medically necessary or experimental." (citation

modified)).  Of the 12,000 Cigna-insured patients Baptist treated on an out-of-network basis

from March 2019 to 2021, Baptist disputes only the roughly 9,000 claims which Cigna did not

deny, but in fact paid, albeit at a low rate.  (ECF No. 31 at PageID 1196.)  This fact supports a

finding that Baptist does not complain of a denial of benefits.  Thus, <u>Davila</u>'s first prong is not satisfied.

Cigna's reliance on this Court's holding in <u>AMISUB (SFH), Inc. v. Cigna Health and Life Ins. Co.</u>, 681 F. Supp. 3d 842, 853–57 (W.D. Tenn. 2023), <u>aff'd,</u> 142 F.4th 403 (6th Cir. 2025), is not helpful because <u>AMISUB</u> did not arise in the context of a motion to remand. Unlike this case, <u>AMISUB</u> originated in federal court without being removed from state court, and so did not discuss <u>complete</u> preemption under ERISA § 502(a), the provision at issue here, but rather centered on <u>express</u> preemption, a separate concept under § 514.  <u>See</u> 681 F. Supp. 3d at 854 (explaining that ERISA § 514 preempts "state law claims" as a defense (quoting <u>Cromwell v. Equicor-Equitable HCA Corp.</u>, 944 F.2d 1272, 1275 (6th Cir. 1991))).

And § 514, the provision discussed in <u>AMISUB</u>, does not create federal question jurisdiction.  <u>See</u> <u>Alexander</u>, 13 F.3d at 945 ("Therefore, the district court erred by taking jurisdiction founded on [defendant's § 514] preemption defense."); <u>Patterson v. UnitedHealth Grp.</u>, No. 25-3175, slip. op. at 5 (6th Cir. Dec. 2, 2025) ("We note that [§ 502(a)] complete preemption differs from [§ 514] 'express preemption' under ERISA, the latter being a statutory creation that *does* afford a traditional preemption defense, but not a basis for removal." (citing <u>Gardner</u>, 715 F.3d at 612)).  The <u>AMISUB</u> decision was in the context of a motion to dismiss, an appropriate posture to raise a § 514 express preemption defense.  681 F. Supp. 3d at 847.  The question of remand requires consideration of complete preemption under § 502(a), such that <u>AMISUB</u> is inapposite.

Because Baptist limits its suit to those claims which Cigna did in fact pay, this dispute concerns the rate of payment, and not the right to payment.  Accordingly, Baptist does not "complain about a denial of benefits to which it is entitled only because of the terms of an

ERISA-regulated employee benefit plan," Davila, 542 U.S. at 210 (citation modified), and thus its suit is not preempted by ERISA.

## III.    Legal Duty Independent of ERISA

Although it is enough to find that the first prong is not satisfied to remand this action, Davila's second prong mandates the same result.  This prong asks whether Baptist can point to an independent state-law duty that would pull its claim out from the shadow of ERISA to require a remand to state court.  Baptist pleads state-law unjust enrichment, arguing that Baptist conveyed numerous benefits to Cigna, which it "appreciated and accepted."  (ECF No. 1-4 ¶ 93.) Baptist cites district court cases from around the country using the rate-of-payment-versus-right-of-payment framework to find independent state law duties that do not relate to the terms of an ERISA plan.[3]  (ECF No. 22 at PageID 383.)  Cigna responds, however, that these out-of-circuit cases are not analogous because they "involved separate provider agreements (express, oral, or implied-in-fact) that supplied non-ERISA payment obligations."  (ECF No. 31 at PageID 1201.) For example, Cigna points out that one case Baptist cites arose out of an "alleged oral contract," and another out of "an alleged 'implied-in-fact contract' based on pre-service communications with insurer."  (Id. at PageID 1201 n.4.)  Thus, according to Cigna, these cases say nothing about an unjust enrichment claim that is solely implied in law.

---

[3] E.g., Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 947 (9th Cir. 2009) (reversing denial of motion to remand because provider's claims for breach of implied contract and quantum meruit only disputed amount of payment received and did not challenge a denial of coverage itself); San Joaquin Gen. Hosp. v. Blue Cross Blue Shield Healthcare Plan of Ga., Inc., No. 24-CV-03153, 2024 WL 5201218, at *3 (N.D. Ga. Dec. 23, 2024) (granting remand for same reason); Emergency Care Servs. of Pennsylvania, P.C. v. UnitedHealth Grp., Inc., 515 F. Supp. 3d 298 (E.D. Pa. 2021) (same); Valley Children's Hosp 2025 WL 1665058, at *4 (same).

However, there is no indication that a state-law duty must be oral or implied-in-fact to be valid. Cigna "essentially argues that without a separate written [or oral] agreement, the claim will always be preempted." San Joaquin, 2024 WL 5201218, at *3. But Davila does not require the presence of a written, express, oral, or implied-in-fact agreement, only that a defendant has violated some "legal duty (state or federal) independent of ERISA or the plan terms." 542 U.S. at 210. And a "legal duty" includes an implied-in-law contract or a claim of unjust enrichment. Thus, Baptist's state-law claim of unjust enrichment is not preempted as long as it arises independently from the terms of an ERISA plan.

Further, Cigna's characterization of Baptist's position, that Baptist "is essentially [arguing] that the law does not permit Cigna to contractually limit its liability in this way," AMISUB 142 F.4th at 408, misses Baptist's argument. Baptist does not contend that Cigna's plan was by its terms "unlawful," see id., but that Cigna owed Baptist a separate duty outside of the plan. Indeed, although Cigna argues that the plan by its terms warns its members that "[n]o payment will be made . . . more than Maximum Reimbursable Charges" (ECF No. 31 at PageID 1193), in fact it appears that those maximum amounts have varied over time for reasons outside of the plan terms. Although Baptist has been out-of-network with Cigna since the early 2000s, for years Cigna chose to pay about 80% of Baptist's billed charges for out-of-network emergency care. (ECF No. 1-4 ¶¶ 44, 46.) But, starting in 2013, "Cigna drastically decreased reimbursement rates" for Baptist's emergency services. (Id. ¶ 47.) According to Baptist, Cigna employs "complex cost containment programs that are designed to contain costs, to protect customers from balance billing, and to provide additional savings to its clients." (Id. ¶ 70.) These programs, Baptist alleges, are "continuously strengthened to provide additional medical savings to [Cigna's] clients and their employees." (Id. ¶ 71.) Baptist alleges that one of these

programs earned Cigna fees that were "four times the amount [a] provider [like Baptist] received for the care it rendered."  (Id. ¶ 78.)  Taken together, the allegations of variable rates of payment alleged in Baptist's complaint suggest that Cigna's rate of payment is largely untethered from the terms of an ERISA plan.  So Baptist does not challenge the lawfulness of plan terms, including the fact that plan participants are responsible for charges above the maximum reimbursable charge.  Rather, Baptist alleges a violation of a legal duty outside of those terms—namely, a duty to adequately reimburse Baptist for the benefits Cigna allegedly received.

Thus, Davila's second prong is not satisfied, and remand to Shelby County Circuit Court is appropriate.  Ultimately, whether Baptist can make out a case of unjust enrichment may be a close call, but that is a call for another court to make.

## CONCLUSION

Because Baptist pleads a violation of a state-law duty "independent of ERISA or the plan terms," Davila, 542 U.S. at 210, its unjust enrichment claim is not preempted by ERISA, and this Court lacks jurisdiction in the absence of a federal question.  Therefore, the Motion to Remand is **GRANTED**.

**IT IS SO ORDERED,** this 8th day of December, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE